UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:11CR400 HEA |
| ) | |
| KENNETH THOMAS, ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter before the Court is Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582 and Retroactive Amendment 821, [Doc. No. 900]. The government has filed a response stating because defendant is serving a sentence imposed upon revocation of his supervised release and U.S.S.G. § 1B1.10 does not permit a court to reduce such a term based on a retroactive guideline amendment Defendant is ineligible for a reduction under § 3582(c)(2).

Following a guilty plea, defendant was convicted of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1) and 21 U.S.C. §(b)(1)(B),  conspiracy to distribute fentanyl, in violation of 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B); and possession with the intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(B). Defendant subsequently violated the terms of his supervised release,

and this Court imposed a revocation sentence of 37 months' imprisonment with no supervision to follow.

In general, a federal court "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Section 3582(c)(2) provides an exception: "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," the court may reduce the term of imprisonment where such reduction is consistent with the applicable policy statement, U.S.S.G. § 1B1.10, and after considering the applicable factors listed in 18 U.S.C. § 3553(a). "Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." U.S.S.G. § 1B1.10 cmt. n.8(A).

Defendant is serving a term of imprisonment upon revocation of supervised release. As a result, a reduction based on Amendment 821 would not be consistent with  1B1.10 and therefore is not authorized under § 3582(c)(2). Defendant is, accordingly, ineligible for a reduction in sentence.

After careful consideration of the record before the Court, including the arguments contained in the Government's response, Defendant's Motion is meritless,

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion is denied.

Dated this 15th day of May, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE